SALLIE S. CARNEY v. T. L. MARSALIS & Co.

No. 6695.

1. **Practice—Trial of Right of Property.**—When a claimant of property seized ¬under execution gives bond for trial of the right of property, and the officer endorses on the bond instead of the execution the name of the court to which the bond is returnable, the failure to endorse on the execution becomes immaterial after both parties have appeared before the proper court and joined issue.

2. **Same.**—When claim is made to property seized under execution levied upon an undivided interest in the same, it is proper for the officer to assess the value of the interest claimed and endorse the same on the bond; if of the value of $500 the District Court has jurisdiction.

APPEAL from Hill. Tried below before Hon. J. M. Hall.

The opinion states the case.

*B. D. Tarlton,* for appellant. —1. If the property in controversy was ·of a value less than $500 the District Court would have no jurisdiction of the subject matter, and a motion in arrest should prevail. Const., art. 5, sec. 19; Rev. Stats., art. 1161.

2. The court erred in overruling defendant's motion in arrest of judgment, because there is no endorsement on the writ of execution showing to what court the bond taken in said cause had been returned as prescribed by law in such cases, such endorsement being necessary as a jurisdictional fact with reference to the court taking cognizance of such case. Rev. Stats., art. 4830.

*McKinnon & Carlton,* for appellees.—The property having been valued at $500 the District Court alone had jurisdiction.   Rev. Stats., art. 1164; Const., art. 5, secs. 8–16; 1 Ct. App. C. C., sec. 173.

HENRY, ASSOCIATE JUSTICE.—T. L. Marsalis & Co. caused an execution issued by a justice of Hill County to be levied upon the interest of T. D. Carney in an engine, boiler, and machinery, alleged to have been owned by said Carney and one Witmore as partners.

Appellant made an affidavit and gave bond for the trial of the right of property.

The bond was endorsed by the constable as follows:   "The value of the interest of the within described property levied upon by me has been by me assessed at $500, and this bond and oath has been by me returned to the District Court of Hill County, Texas."

The return on the execution showed that claim had been made and that the property had been delivered to the claimant, but did not state to what court the bond was returned.

Both parties appeared in the District Court and issue between them was joined.

The trial resulted in a judgment in favor of the plaintiffs in execution, from which the claimant prosecutes this appeal.

Appellant assigns the following errors:

"1.   The court erred in overruling defendant's motion in arrest of judgment, because the return on the execution shows that the property levied on is of less value than $500.

"2.   Because there is no endorsement on the writ of execution showing to what court the bond had been returned."

It becomes immaterial to consider whether the value of the property was estimated in the return made on the execution upon the interest of the defendant in execution or the entire property owned by the partnership.

The assessment of value was properly made upon the bond, and as will be seen there is no doubt about its being there made upon the interest levied upon, and not upon the entire property.

The name of the court to which the bond was returned was endorsed on the bond itself, instead of upon the execution as the statute prescribes.

But the claimant found the proper court and defended the suit, which would have made the omission immaterial even had there been an entire failure in that particular.

The judgment must be affirmed.

*Affirmed.*

Delivered April 22, 1890.