### VAUGHN v. PORTER et al.
#### No. 3701.

Court of Civil Appeals of Texas. Amarillo.
Dec. 16, 1931.

Hill & Goodrich, of Shamrock, for appellants.

Reynolds & Heare, of Shamrock, for appellees.

RANDOLPH, J.

W. R. Porter, as plaintiff, filed this suit in the county court of Wheeler county, Tex., against Floyd Walton as defendant, on a note for $275, which note had paid thereon the sums of $41.73 and $25, and to foreclose a chattel mortgage on certain cotton described therein. A writ of sequestration was sued out by plaintiff in the case and levied upon sixteen bales of cotton. Hal H. Vaughn duly filed his claimant's oath and bond, making his claim as owner of said cotton. This claimant's oath and bond appears to have been returned to the district court of Wheeler county as shown by the file mark on same by the clerk of the district court of Wheeler county. The sheriff's valuation of the cotton levied on under the writ is $650, which was entered on December 3, 1930, the same day upon which the writ of sequestration was issued and the levy made.

On the 20th day of January, 1931, Hal H. Vaughn, the appellant herein, filed in this case in the county court of Wheeler county, his plea of intervention in which he presented a motion to quash the writ of sequestration upon various grounds. On April 23, 1931, the plaintiff filed a motion to strike intervener's plea of intervention on the ground that intervener had elected to pursue the remedy of trial of the rights of property in the district court and was not entitled to appear and defend as against the writ in the county court. The trial court sustained the plaintiff's motion and struck out the plea of intervention. On the day on which said motion was heard and said plea stricken, it appears that the claimant's oath and bond which had been filed in the district court were, by some means, obtained and filed in the county court and same appear in the statement of facts in this case.

The question as to whether or not the plea of intervention was properly stricken depends on whether or not the district court had jurisdiction of the trial of the rights of property between the claimant and the plaintiff by reason of the return of claimant's oath and bond to that court.

Article 7409, R. C. S. 1925, provides that in cases where there is to be a trial of the rights of property, such trial shall be in the court having jurisdiction of the amount involved.

Article 7406 provides as follows: "Whenever any person shall claim property and shall duly make the oath and give the bond, if the writ under which the levy was made was issued by a justice of the peace or a court of the county where such levy was made, the officer receiving such oath and bond shall indorse on the writ that such claim has been made and oath and bond given, and by whom; and shall also indorse on such bond the value of the property as assessed by himself, and shall forthwith return such bond and oath to the proper court having jurisdiction to try such claim."

Article 7408 provides that the officer taking such bond shall return the original writ of sequestration to the tribunal from which it was issued, stating what has been done by him in the matter of the levy and the filing of the claimant's oath and bond, etc., and placing a valuation on the property. Crutcher v. Wolfe (Tex. Civ. App.) 269 S. W. 841, 843.

The sheriff in his return states the value of the property levied on as being $650. The plaintiff's petition alleges the value of the property to be $650.

In the absence of any claim for damages or allegations of fraud, the officer's valuation fixes the jurisdiction of the court to which such oath and bond shall be returned. Cleveland v. Tufts, 69 Tex. 580, 7 S. W. 72; Carney v. Marsalis & Co., 77 Tex. 62, 13 S. W. 636.

Article 5, § 8, of the Constitution of the State of Texas provides that the district court shall have jurisdiction of all suits for the trial of the rights of property levied upon by virtue of any writ of attachment, exe-

cution, or sequestration when the property levied on shall be equal to or exceed in value $500.

The valuation of the property levied on herein having been fixed at an amount in excess of the sum named in the constitution, the sheriff's return of the writ of sequestration to the district court was proper. The district court, therefore, had jurisdiction of the trial of the rights of property between Vaughn as claimant, and the plaintiff, thus pending in that court.

Upon the question of intervener's right to intervene in the case at bar, it has been held that where he has resorted to the statutory remedy of trial of the rights of property, he has waived his privilege of suit at common law. Vickery v. Ward, 2 Tex. 212; Lang v. Dougherty, 74 Tex. 226, 12 S. W. 29.

In the case of Whitman v. Willis, 51 Tex. 421, 425, the Supreme Court of Texas says: "Although due regard should be had to the advantages of the proceeding by intervention in preventing a multiplicity of suits, yet we should also, as far as practicable, guard against its disadvantages. It is a practice liable to abuse, has a tendency to multiply the issues, imposes frequently great additional labor and responsibility upon the presiding judges below to properly present in the charge these issues to the comprehension of the jury, and tends to confusion in the trial of causes. When the right to personal property levied upon is involved, it is, as a general rule, the proper practice to require parties to be confined to the more simple and less expensive mode of trial of right of property provided by statute."

This being the rule, we hold that the trial court did not err in striking the appellant's plea of intervention in the case at bar.

There is a fundamental error shown by the record of which we must take cognizance. The district court of Wheeler county having acquired jurisdiction of the question of the ownership of the property levied upon, it was error for the county court to render judgment against the defendant Walton for a foreclosure of the lien upon the cotton in question pending the decision of the ownership of the cotton and whether or not it was subject to plaintiff's lien. Webb v. Bergin (Tex. Civ. App.) 38 S.W.(2d) 841.

We therefore reverse the judgment of the trial court, with instructions to that court to hold the case on its docket for a reasonable time or for such reasonable time when the said ownership has been finally adjudicated in said district court, unless the plaintiff should desire to waive his lien and accept a personal judgment against the defendant Walton.

It being apparent that such judgment of foreclosure would not be warranted until the question of ownership is rendered in favor of the plaintiff and not at all if the claimant should be awarded the property, consequently as to the foreclosure of said lien any proceeding must be held in abeyance awaiting such decision.

Reversed and remanded.