LAABS, Appellant, vs. HEITZINGER, Respondent.

*October 9, 1940—January 7, 1941.*

*James H. Van Wagenen* of Stevens Point, for the appellant.

*R. L. Grover,* attorney, and *W. E. Atwell* of counsel, both of Stevens Point, for the respondent.

The following opinion was filed November 8, 1940:

FAIRCHILD, J.   A verdict in a replevin action should be so drawn that the jury may find whether the plaintiff has title or right to possession of the property involved; whether the defendant unlawfully took or detained the same; the value thereof; the damages sustained by the successful party from any unlawful taking or unjust detention of the property other than the costs of the trial.  Secs. 265.13 and 270.59, Stats., outline the practice to be followed.

The important fact to be ascertained in this case was the ownership of the cattle on which the sheriff levied in an effort to collect a debt due from the judgment debtor, Gertrude Bella.  Appellant claims the cattle were his and that the judgment debtor's possession was as his representative.

The judgment debtor and her husband had operated a farm and had become indebted to the appellant.  The husband died in 1930.  A series of transactions over a period of years preceded the seizure and sale complained of.  On April 28, 1937, the judgment debtor, pursuant to an agreement made on April 10th of that year, leased the farm to the appellant for a period of three years, and he in turn

let the premises to her. Just the reason for this arrangement or its details need not be fully described at this time, but the result was that the judgment debtor was on the farm and the cattle seized by the sheriff were in her possession. Immediately after the levy was made appellant informed the sheriff of his claims of ownership, but the stock was sold on October 30, 1937.

It is urged that the real question of ownership of the cattle was lost sight of during the trial in the irrelevant testimony introduced over appellant's objections. Title to the property was the issue and much evidence was presented bearing upon the conduct of the judgment debtor that may not have been necessary to a determination of that issue; but we cannot say that the introduction of that evidence would in and of itself be a cause for a new trial under the circumstances. The appellant sought to fortify himself by testimony indicating that he was a kindly dispenser of disinterested generosity. This effort was met by testimony on respondent's part of a relationship existing between appellant and the judgment debtor that might call for a definite explanation. No reversible error was committed in its admission. We find that as a matter of law the evidence does not support the finding of the jury on the question of ownership. Evidence produced is to the effect that the cattle, with the exception of one cow identified by an eartag number CW-30324, were purchased by the appellant, placed upon a farm controlled by him although managed to some extent by the judgment debtor. We discover no evidence in this record of any transfer of title from appellant to the judgment debtor. It may be that the appellant in the trial of the case weakened his position by proving too much, but such evidence as there is shows the purchase by appellant of a bull calf, a heifer, and two other head of cattle from one Gilman, the purchase of seven cows from another, all of which were seized and sold by the respondent. The milk

358

checks were payable to the appellant. As the evidence shows title to the cattle just enumerated in Laabs, there is but the question of their value to be determined. The answer to the first question in the special verdict must be changed to cover the ownership of all but the one cow with tag number CW-30324, and a trial must be had upon the question of damages.

*By the Court.*—Judgment reversed, and cause remanded with directions to grant a new trial as to damages.

A motion for a rehearing was denied, without costs, on January 7, 1941.