**HOLLAND PAGE, INC., Appellant,**

v.

**DARR EQUIPMENT CO., Appellee.**

No. 7121.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 30, 1961.

Rehearing Denied Nov. 27, 1961.

David L. Tisinger, Austin, for appellant.

Dalton, Moore & Walden, Dallas, for appellee.

CHAPMAN, Justice.

This is a venue case.

Appellee, Darr Equipment Co., a corporation whose principal offices are in Dallas County, sued Holland Page, Inc., whose principal offices are in Travis County. The primary suit was one for possession of certain dirt moving equipment theretofore leased by appellee to appellant and for recovery of damages provided for in the written Lease and Rental Agreement entered into between the parties. Ancillary relief in the form of a writ of sequestration was sought and obtained by appellee from

the clerk of the District Court of Dallas County. Appellant's plea to remove the suit to Travis County was duly controverted and venue sought to be maintained in Dallas County under Subdivision 5 of Article 1995, R.C.S., Vernon's Ann.Civ.St. art. 1995, subd. 5. After a hearing upon the Plea of Privilege the trial court denied the same. Appeal was perfected to the 5th Supreme Judicial District, whose court sits in Dallas, and the case was transferred to us by the Supreme Court for determination.

Appellant's sole point is that its plea was improperly overruled because "no money sued for was payable in Dallas County."

The Lease and Rental Agreement constituting part of appellee's pleadings and evidence provides in part that if appellee failed to observe any of the terms and conditions of the rental agreement lessor would have the right at its option to terminate the agreement and that in such event appellee agreed to pay " * * * damages for any injuries to the property, costs of removal of said property from the possession of lessee, and all freight, storage, transportation, and other charges incurred by such removal, shipping, and return to the lessor at its place of business."

Paragraph 8 of the agreement provides:

"All freight and switching charges, demurrage, transportation charges, loading and unloading charges, both ways, are to be paid by lessee, return transportation charges to be prepaid by lessee."

Paragraph 14 provides:

"All rents and other sums of money payable by lessee under the terms of this lease shall be due and payable at the offices of lessor in Dallas County, Texas."

The pleading upon which appellee went to trial alleged a breach of the agreement, sought its termination, alleged it had demanded a return of the property under the terms of the agreement, alleged a refusal to return the equipment and that by virtue of such refusal it was entitled to "all damages for injuries to the property, costs of removal of said property from the possession of the defendant and all freight, storage, transportation, and other charges incurred by such removal, shipping, and return to the plaintiff at its place of business in Dallas County, Texas." It also alleges such damages to be $6,500.00 and that under the terms and conditions of the agreement appellant became obligated to pay to appellee, *at its office in Dallas County* all damages for injuries to the property. (Emphasis ours.)

█ We believe the trial court properly disposed of the case in denying the plea of privilege. Our Supreme Court in construing Subdivision 5 of Article 1995 R.C.S. has said "the essential obligation in suit for venue purposes is that of payment."[1] The record here shows appellee is seeking money damages for those items in the contract heretofore mentioned. Paragraph 14 above quoted provides, in addition to rents,[2] that "all * * * other sums of money payable by lessee under the terms of this lease shall be due and payable at the office of lessor in Dallas County, Texas."

Appellant contends the suit for damages under the "other sums of money payable by lessee" clause, was limited to those damages occurring after sequestration and would be part of the court costs.

█ To this contention we cannot agree. A sheriff who levies on and takes into his possession personal property under a sequestration proceeding would not be bound and obligated to deliver such property to another county and charge such expenses to court costs. For large and heavy

1. Rorschach v. Pitts, 151 Tex. 215, 248 S.W.2d 120, 123.

2. The rents are not sought to be recovered in this proceeding.

items such as those here involved there would be considerable expense incident to storage, loading, and transportation from another county to Dallas County. All those items are alleged as part of the damages, payment for which was to be made "at the offices of lessor in Dallas County."

Accordingly, under the authority of the Rorschach case above quoted the judgment of the trial court is affirmed.