DARR EQUIPMENT CO., Appellant,

v.

HOLLAND PAGE, INC., Appellee.

No. 10930.

Court of Civil Appeals of Texas.

Austin.

Feb. 14, 1962.

Rehearing Denied April 4, 1962.

Dalton, Moore & Walden, Waller M. Collie, Jr., and R. L. McSpedden, Dallas, for appellant.

David L. Tisinger, Austin, for appellee.

HUGHES, Justice.

This appeal by Darr Equipment Co. is from an order overruling its plea of privilege to be sued in Dallas County, the County of its residence.

Appellee, Holland Page, Inc., sued appellant in the Court below to recover actual and exemplary damages for wrongful seizure of "ten used Caterpillar equipment items including four tractors, three scrapers,

and three cable controls" by the Sheriff of Travis County "by reason of some purported writ of sequestration caused to be issued by the defendant (Darr) by reason of a suit filed in Dallas County, Texas, styled Darr Equipment Co. v. Holland Page, Inc. and numbered 56698-G on the docket of the 134th Judicial District Court of Travis, in Dallas * * *." [1]

Appellee in its controverting affidavit alleged the filing of its original petition, and copied it in full. The original petition was similar to the amended petition, the nature of which we have noted.

Following the petition were these allegations:

"II.

"Such allegations show and it is a fact that the said defendant may be sued in Travis County and venue may be maintained in Travis County as for wrongful sequestration under Subdivision 8 of Article 1995 of the Revised Civil Statutes of Texas inasmuch as the sequestration writ was levied in Travis County, Texas.

"III.

"Such allegations show and it is a fact that the wrongful sequestration amounted to trespass in Travis County entitling this plaintiff to sue the defendant in Travis County as for a trespass under Subdivision 9 of Article 1995 of the Revised Civil Statutes of Texas."

We also quote the affidavit made by appellee's attorney to the controverting affidavit:

"BEFORE ME, the undersigned authority, on this day personally appeared David L. Tisinger, who on oath stated that he is attorney for the plaintiff in the above-mentioned cause and states as attorney that the foregoing controverting affidavit and the statements contained therein are true and correct."

Appellee not having adopted the original petition nor its allegations in its controverting affidavit, and not having sworn to their verity, we have serious doubts that the controverting affidavit was sufficient to raise any venue issues. Lytle v. Preston, 175 S.W.2d 440, Fort Worth Civil Appeals. See also, by the same Court, Spencer v. Gray, Tex.Civ.App., 209 S.W.2d 651, McDonald Texas Civil Practice, Sec. 4.49, pp. 448, 449.

We prefer to base our opinion, however, upon appellee's failure to plead, by any pleading, or to prove a prima facie cause of action under either subdivision 8 or 9 of Art. 1995, Vernon's Ann.Civ.St.

Subd. 8 provides, in part, that a suit for damages resulting from the suing out or levying of a writ of sequestration may be brought in any county where the levy under the writ was made in whole or in part.

Subd. 9 provides, in part, that a suit based on a trespass may be brought in the county where the trespass was committed.

The nature of the Dallas County suit from which the sequestration proceedings emanated is shown by the record. It was a suit to recover the title to and possession of certain described personal property leased to appellee by appellant, alleging breach of the lease.[2] The affidavit for sequestration made in that case, and upon which this suit for wrongful sequestration is based, after describing the property sued for, stated that Darr "is the owner of said property so sued for and is entitled to the possession thereof, and that Plaintiff fears

---

1. We take these facts from appellee's first amended original petition filed May 22, 1961. The original petition was filed December 19, 1960. Appellee's first amended controverting affidavit was filed May 22, 1961. Appellant's plea of privilege was overruled June 16, 1961.

2. The venue of this suit is in Dallas County. Holland Page, Inc. v. Darr Equipment Co., Tex.Civ.App., 351 S.W.2d 586.
   The agreement was a lease with option of lessee to purchase.

the defendant will injure, ill treat, waste or destroy such property during the pendency of this suit."

It is not contended by appellee and there is no evidence that this affidavit was false insofar as the fears of appellant, expressed therein, are concerned. It is contended by appellee that the sequestration was wrongful because the leased equipment was not rebuilt equipment or "bonded buy" equipment as appellee alleged it was "represented, warranted, and guaranteed to be." In its brief appellee states:

"The failure of the equipment to qualify as rebuilt or guaranteed or 'bonded buy' damaged Appellee in excess of $54,000.00.

"In these circumstances, Appellee made over $10,000.00 in payments upon the equipment but Appellee did not consider itself bound to pay any other money in view of the damages being suffered; the suing out of the writ of sequestration was therefore wrongful."

It has been authoritatively held that where an owner has been awarded title and possession of property as against defendants to the suit, such judgment is conclusive and res adjudicata to the right of such defendants to recover damages from the owner for taking possession under sequestration proceedings. Howe v. Central State Bank of Coleman, 13 S.W.2d 437, Austin Civil Appeals, writ ref. (1929), Hunt v. Bagwell, 111 S.W.2d 312, Eastland Civil Appeals, writ ref. (1937).

Absent evidence that the Dallas County case has terminated either by final judgment favorable to appellee or dismissal,[3] it is our opinion that no cause of action for wrongful sequestration is shown.

No meritorious purpose would be achieved in remanding this cause. It is therefore ordered that this cause be reversed with instructions to transfer it to any Civil District Court of Dallas County in accordance with the provisions of Rule 89, Texas Rules of Civil Procedure.

Reversed with instructions.

Appellee now contends that the sequestration proceedings were wrongful because appellant's affidavit upon which the writ was issued was false. We adhere to our holding that there is no evidence to support this contention. The motion is overruled.

Motion overruled

---

3. See Bishop v. General Motors Acceptance Corporation, 229 S.W. 848, Austin Civil Appeals.