FIRST NATIONAL BANK OF GLENDALE, Appellant, v. SHERIFF OF MILWAUKEE COUNTY and others, Respondents.

*March 2—April 14, 1967.*

538

For the appellant there was a brief by *Samson, Nash & Wills,* attorneys, and *Maroney & Schiro* of counsel, all of Milwaukee, and oral argument by *Anthony W. Schiro* and *Thomas P. Maroney.*

For the respondent Neidhoefer & Company there was a brief by *Kohner, Mann & Kailas,* attorneys, and *Robert L. Mann* of counsel, all of Milwaukee, and oral argument by *Robert L. Mann.*

CURRIE, C. J.  The sole issue presented on this appeal is whether the appellant proved the elements of right to possession, wrongful detention and value, as required under sec. 265.02, Stats., in order to prevail in a replevin action.

In a replevin action, the plaintiff must show, among other things, that the plaintiff is entitled to the property claimed, that the property is wrongfully detained by the defendant, and the value of the property.[2]  In our view, the trial court was correct in its determination that the

[2] Sec. 265.02, Stats.; sec. 265.13; *Laabs v. Heitzinger* (1940), 236 Wis. 355, 294 N. W. 537.

plaintiff failed to make the requisite showing on these counts.

*Right to Possession; Wrongful Detention by the Sheriff.*

The security agreement involved here creates a security interest in inventory used in the debtor's business, and contemplates that until the occurrence of a default or any other event which would cause the plaintiff to deem itself insecure, the debtor, rather than the secured party, had the right to possession of the furniture.[3] There was no evidence that the plaintiff deemed itself insecure or for any other reason demanded possession of the furniture from the debtor before the execution. If there had been such proof, the plaintiff would have been entitled to possession and could have recovered the property in a subsequent replevin action against the debtor,[4] but without such proof the plaintiff has failed to show he was entitled to possession.

The fact that the debtor rather than the creditor was entitled to possession at the time of execution distinguishes this case from *Confidential Loan & Mortgage Co. v. Hardgrove,*[5] where the secured creditor had the immediate right to possession under the terms of the security agreement itself because the debtor was in default.[6]

---

[3] In absence of contrary statutory provisions, the terms of the security agreement govern the relationships of the parties. Sec. 409.201, Stats., provides: "Except as otherwise provided by this code a security agreement is effective according to its terms between the parties, against purchasers of the collateral and against creditors . . . ."

[4] *Wolf Co. v. Kutch* (1911), 147 Wis. 209, 214, 132 N. W. 981.

[5] (1951), 259 Wis. 346, 48 N. W. (2d) 466.

[6] Implications to this effect in the opinion are borne out by the appendices to the briefs in the *Confidential Loan Case, supra,* footnote 5, which indicate that the purchaser of the vehicle was in

Since the plaintiff had no right to possession at the time of execution, any right to possession it had could only be acquired after the execution.

The question of whether the plaintiff was ever entitled to possession after the execution, along with the question of whether the sheriff is wrongfully detaining the property, must be resolved against the plaintiff on the basis of secs. 409.311 and 272.26, Stats.

Under sec. 409.311, Stats.,[7] which is part of the Uniform Commercial Code, the debtor's interest in collateral in his possession may be transferred involuntarily by judicial process. The official comments to the code indicate that the purpose of this statute is to provide without equivocation that "in all security interests the debtor's interest in the collateral remains subject to claims of creditors who take appropriate action." The comments further note that each state is left to determine the form of action that can be taken against the interest of the debtor in the collateral, and in 1965 the Wisconsin legislature apparently responded to this suggestion by repealing and re-creating sec. 272.26 to correspond with the new terminology of the code.[8] The new law was included in a bill containing several amendments to the Uniform Commercial Code, and was sponsored by the committee on Uniform Commercial Code of the State

default to the plaintiff finance company at the time of the attachment. Vol. 2465, Appendices & Briefs. In the instant case, there is no indication that the debtor was in default to the creditor at the time of the execution.

[7] "Alienability of debtor's rights: judicial process. The debtor's rights in collateral may be voluntarily or involuntarily transferred (by way of sale, creation of a security interest, attachment, levy, garnishment or other judicial process) notwithstanding a provision in the security agreement prohibiting any transfer or making the transfer constitute a default."

[8] Sec. 4, ch. 51, Laws of 1965.

Bar of Wisconsin and the Milwaukee Bar Association. As amended, sec. 272.26 states:

"**Equities sold.** When personal property is subject to a security interest, the right and interest of the debtor in such property may be sold on execution against him, subject to the rights, if any, of the secured party."

Such language contemplates that where, as here, a debtor has the right to possession of the collateral and the sheriff seizes the collateral on execution against him, the secured creditor may not intervene by replevin in an attempt to take possession of the property and prevent the execution sale. Instead, creditors without the right to possession of the goods are protected only by the fact that the execution sale is subject to their interest.

### *Proof of Value.*[9]

After the plaintiff rested, the respondent moved for dismissal of the complaint and the court took the motion under advisement. At that time, the plaintiff had offered no proof of value and in fact argued that proof of value was immaterial. Subsequently, the respondent attempted to prove value in order to be able to request a money judgment under sec. 270.59, Stats., since the property had been delivered to the plaintiff on the replevin. The parties stipulated to a value of $1,500, and it is this stipulation which the plaintiff now sets forth as the proof of value which is requisite to its case.

The trial court was correct in considering only the proof which had been offered by the plaintiff at the time it rested its case. In an analogous situation involving a motion for nonsuit which was made at the close

[9] Failure of the plaintiff to prove value justifies dismissal of the case in a replevin action. *Flannigan v. Goggins* (1888), 71 Wis. 28, 32, 36 N. W. 846, and cases cited therein.

of the plaintiff's evidence but granted at the close of the defendant's evidence, this court said:

". . . Hence the initial question is, *Looking only to plaintiff's* evidence in the most favorable light, would it support a verdict in his favor?" (Emphasis added.) [10]

The weakness of the plaintiff's position can readily be seen by observing that if the trial court had granted the defendant's motion for dismissal when the motion was made, the defendant would still have been permitted to prove (in this case, stipulate) value in order to obtain the alternative money judgment permitted by sec. 270.59, Stats.

*By the Court.*—Judgment affirmed.

HANSEN, J., took no part.

---

[10] *Badger v. Janesville Cotton Mills* (1897), 95 Wis. 599, 601, 70 N. W. 687.