204 So.2d 740 (1967)
ALTEC LANSING, a Division of LTV Ling Atec, Inc., Appellant,
v.
FRIEDMAN SOUND, INC., Appellee.
Burt M. WISE, Third-Party Claimant.
No. 67-683.
District Court of Appeal of Florida. Third District.
December 5, 1967.
Sandler & Sandler, Miami, for appellant.
Bernard C. Cowan, Miami, for appellee.
*741 Milton R. Wasman, Miami, for third-party claimant.
Before PEARSON, BARKDULL, and SWANN, JJ.
PER CURIAM.
Appellant, plaintiff in the trial court, seeks review of a post-judgment order of the trial court dissolving a writ of execution and ordering return to the third party claimant, Burt M. Wise, his $7,500.00 bond.
The record on appeal reveals that the third party claimant, Wise, began lending the appellee large sums of money in July and August of 1966, the initial amount being $50,000.00. On October 19, 1966, the appellant filed suit against the appellee for the unpaid balance for merchandise sold and delivered. Wise continued to lend the appellee sums of money which were originally secured by chattel mortgages on all fixtures and inventory of the appellee. On January 3, 1967, in accordance with the Uniform Commercial Code,[1] a security agreement was perfected between the appellee and Wise and duly recorded. Subsequent thereto, the appellant secured a judgment against the appellee and caused a writ of execution to be issued, attempting to levy on the fixtures and inventory of the appellee. Thereupon, Wise filed a third party claim bond and moved to dissolve the writ of execution, claiming he had prior right to the fixtures and assets. After hearing on the motion, the trial court entered the order appealed herein, in effect holding that the property covered by the security agreement was exempt from execution. We reverse.
A security agreement under § 679.9-203, Fla. Stat., F.S.A., has the same effect as did a chattel mortgage prior to the adoption of the Uniform Commercial Code, i.e., it may create a prior lien in favor of the person named in the agreement as creditor on the chattels involved but does not exempt them from a forced judicial sale. Said chattel may still be sold by an execution creditor subject to the lien provided in the security agreement. See: Wildwood Crate & Ice Co. v. Citizen Bank of Inverness, 98 Fla. 186, 123 So. 699; First National Bank of Bay Shore v. Stamper, 93 N.J. Super. 150, 225 A.2d 162; § 679.9-311, Fla. Stat.,[2] F.S.A.
Therefore, the order here under review is hereby reversed.
Reversed.
NOTES
[1] § 679.9-203, Fla. Stat., F.S.A.
[2] 679.9-311 Alienability of debtor's rights: judicial process
The debtor's rights in collateral may be voluntarily or involuntarily transferred (by way of sale, creation of a security interest, attachment, levy, garnishment or other judicial process) notwithstanding a provision in the security agreement prohibiting any transfer or making the transfer constitute a default."