T.W.S., INC., Plaintiff-Respondent,

v.

Harold J. NELSON, Defendant-Appellant.

Court of Appeals

*No. 88–1791. Orally argued February 6, 1989.—Decided April 25, 1989.*

(Also reported in 440 N.W.2d 833.)

For defendant-appellant there were briefs and oral argument by *T. Gregory Amann and Amann & Associates*, of Ellsworth.

For plaintiff-respondent there was a brief and oral argument by *Phillip M. Steans* and *Steans, Skinner, Schofield & Higley, of Menomonie.*

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.   Harold Nelson appeals a judgment holding that he converted $4,000 in cash proceeds belonging to T.W.S., Inc., the owner of the tavern that Nelson rented and operated.[1] The damage award represents the sum that the trial court found was misappropriated from the gross receipts of the tavern business during an approximate eight-month period. Nelson argues that because his contract to operate the tavern was illegal and unenforceable, T.W.S. was also prohibited from maintaining the conversion claim that arose out of the operation of the business. Nelson also claims that T.W.S. failed to prove its damages with the requisite certainty. We conclude that a tort action lies because it was sufficiently independent of the illegal contract and that the court's damage findings were not clearly erroneous. We affirm the judgment.

T.W.S., a Wisconsin corporation, and Nelson entered into what the parties concede was an illegal arrangement that permitted Nelson to operate the tavern even though the liquor license remained with the corporation. The parties agreed that Nelson would place business receipts into T.W.S.'s bank account so that the corporation could pay the operating costs, including Nelson's "wages" as an "employee."[2] After a time, the sole

---

[1]This is an expedited appeal pursuant to Rule 809.17.

[2]T.W.S. admits that the arrangement was a "sham" to "please the liquor man." Nelson's paychecks were to be cashed

owners and officers of T.W.S., Francis and Elaine Schaal, discovered that a number of the outstanding business expenses including liquor bills were delinquent from June, 1986, to February, 1987. Nelson had paid some bills directly out of the business receipts but failed to pay others.

T.W.S. commenced an action for breach of contract and alternatively for conversion. The trial court dismissed T.W.S.'s contract action on grounds that it was entered into for an illegal purpose and could not be enforced. That decision is not challenged. The trial court also found, however, that all of the elements of conversion had been proven. Although the exact amount of gross receipts during the months in question was not proven, apparently because of inadequate record keeping the court reviewed the receipts for the months "close in time" to the questioned period and inferred a similar gross income for the months under examination. It then concluded that at least $4,000 had been wrongfully converted to Nelson's own possession and use.

The facts here are in many respects similar to those in *Schara v. Thiede,* 58 Wis. 2d 489, 206 N.W.2d 129 (1973). In *Schara,* the tavern owner, Thiede, contracted to rent the premises to an operator, Schara, but kept the license in Thiede's name. The parties recognized that the agreement was a subterfuge to cover the fact that Schara was running the tavern without a proper license. When Thiede later leased the tavern to a third person, Schara sued for breach of contract as well as for conversion of certain personal property. The supreme court rejected Schara's action for breach of contract, stating: "The general rule is that both at law and in equity a

and the funds returned to T.W.S. Apparently, Nelson was allowed whatever profits accumulated after payment of the bills and a monthly rent.

court will not aid either party to an illegal agreement, whether executory or executed, but leaves the parties where it finds them." *Id.* at 494–95, 206 N.W.2d at 132 (quoting *Venisek v. Draski,* 35 Wis. 2d 38, 50, 150 N.W.2d 347, 353 (1967)). The *Schara* court, however, tacitly recognized Schara's right to pursue a tort action for property that Thiede allegedly wrongfully converted when he changed the locks on the tavern premises. Although Schara ultimately lost his case because he failed to prove the allegations in his complaint, the decision implicitly recognized a right to pursue the conversion claim.

In this case, the law required that the liquor and beer be purchased and sold under the sole authority of the corporation. The evidence to support the conversion claim did not require T.W.S.'s reliance upon the terms of the contract. To the contrary, the issue at trial centered on Nelson's claim that he had in fact deposited all of the receipts in T.W.S.'s account. Nelson maintained that the bills went unpaid because the business failed to generate sufficient income to pay them. T.W.S.'s claim to the tavern receipts was founded upon its ownership of the merchandise, not upon the terms of the illegal contract. Thus, the evidence of conversion was sufficiently attenuated from the contract so as to be untainted by it.

Nelson argues further, however, that T.W.S. failed to prove that Nelson kept $4,000 in receipts. The trial court found that the receipts prior to the period of the alleged conversion were indicative of the receipts during the crucial eight-month period and that $4,000 was therefore inexplicably missing. The record on appeal consists of a partial transcript only. When an appeal is brought on a partial transcript, the scope of review is

necessarily confined to the record before the court. *Austin v. Ford Motor Co.,* 86 Wis. 2d 628, 641, 273 N.W.2d 233, 239 (1979). This court will assume, in the absence of a transcript, that every fact essential to sustain the trial court's decision is supported by the record. *Id.* We therefore will assume the evidence supported the court's decision on damages.[3]

    *By the Court.*—Judgment affirmed.

---

[3]This court inquired whether the receipts from business sales were sufficiently identifiable to constitute the subject of a conversion action although this was not an issue raised on appeal. After oral argument and consideration of the case law, including that found at Annotation, *Nature of property or rights other than tangible chattels which may be subject of conversion,* 44 A.L.R.2d 927, 936 (1955), we affirm the trial court's ruling. The parties agreed that the payment of the business expenses had priority, and there is no claim that there were receipts in excess of the expenses. Under these circumstances, the issue of unsegregated funds is not presented.