The **GROCERS SUPPLY CO., INC., Relator,**

v.

**Honorable William R. POWELL, Judge, 80th District Court, Harris County, Texas, Respondent.**

**No. C14–89–669–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 17, 1989.

Joseph S. Cohen, Jay N. Gross, Houston, for relator.

Robert H. Singleton, Jr., Michael B. Newman, Houston, for respondent.

Before JUNELL, ROBERTSON and CANNON, JJ.

## OPINION

PER CURIAM.

On July 27, 1989, relator, Grocers Supply Co., Inc., filed its motion for leave to file a petition for writ of mandamus pursuant to TEX.GOV'T CODE ANN. § 22.221. Relator asks this Court to order Honorable William R. Powell, Judge of the 80th District Court of Harris County to 1) reinstate relator's application for trial of right of property on the docket; 2) set a bond pursuant to TEX.R.CIV.P. 717, 718, and 719, before noon Friday, July 28, 1989; and 3) proceed to trial on the right of property in trial court cause number 89–029341, styled *The Grocers Supply Co., Inc. v. InterCity Investment Properties, Inc., et al.*

On March 6, 1989, InterCity Investment Properties, Inc. (hereinafter InterCity) obtained a judgment in the amount of approximately $36,000.00 against The Grocery Store, Inc. and Cedric Wise, real parties in interest, in trial court cause number 523,-208, in County Civil Court at Law Number One.

On June 22, 1989, the judge of County Civil Court at Law Number One signed a turnover order awarding the additional sum of approximately $5,000.00 to InterCity. Grocers Supply Co., Inc. was not a party to the County Court proceedings.

On July 12, 1989, a Harris County Deputy Constable from Precinct Five levied writ of execution on certain property of the Grocery Store, Inc., and an execution sale was scheduled for Monday, July 31, 1989.

On July 17, 1989, Grocers Supply filed in the 80th District Court of Harris County its application for trial of right of property seized by the Constable. Grocers Supply claimed it had a prior perfected security interest in the property seized and was entitled to possession. Grocers Supply requested the district court to fix a bond pursuant to rules 717, 718 and 719 of the

Texas Rules of Civil Procedure so Grocers Supply could obtain possession pending trial.

On July 26, 1989, the 80th District Court declined to exercise its jurisdiction and, on its own motion, dismissed the case.

On July 27, 1989, Grocers Supply Co., Inc. filed its motion for leave to file its petition for writ of mandamus with this Court.

At a hearing on July 27, 1989, relators, Grocers Supply Co., Inc. and the real parties in interest, InterCity Investment Properties, Inc., The Grocery Store, Inc. and Cedric Wise were present. All parties agreed that the value of the property in controversy in this case is over $100,000.00. Immediately following the July 27th hearing, we granted relator's motion for leave to file its petition for writ of mandamus and conditionally granted relator's petition for writ of mandamus.

■ Relator claims that the district court is the only trial court with jurisdiction where the amount in controversy exceeds $100,000.00, that in this case the value of the property seized by the Constable is the amount in controversy, and that respondent's refusal to exercise jurisdiction is a violation of his duty and, therefore, subject to mandamus. We agree.

■ A trial of the right of property must be tried in a court with jurisdiction of the amount in controversy. TEX.PROP.CODE ANN. § 25.001. The only court with jurisdiction where the amount in controversy exceeds $100,000.00 is the district court. TEX.CONST. art. 5 §§ 8, 16; TEX.GOV'T CODE ANN. §§ 24.007, 25.0013 (Vernon 1989). In a trial of the right of property, the value of the property is the amount in controversy *Vaughn v. Porter,* 44 S.W.2d 1009 (Tex.Civ.App.—Amarillo 1931, no writ).

■ Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law where there is no other adequate remedy at law. *Packer v. Fifth Court of Appeals,* 764 S.W.2d 775 (Tex.1989); *Garcia v. Peeples,* 734 S.W.2d 343, 345 (Tex.1987). In dismissing Grocers

Supply's action, the district court disregarded its duty and effectively denied Grocers Supply any remedy at law.

On July 27, 1989, Honorable William R. Powell, Judge of the 80th District Court of Harris County, was ordered to 1) reinstate relator's application for trial of right of property on the docket; 2) set a bond pursuant to TEX.R.CIV.P. 718, 719, before noon on July 28, 1989; and 3) proceed to trial on relator's petition for trial of right of property in trial court cause number 89–029341, styled *The Grocers Supply Co., Inc. v. InterCity Investment Properties,* *Inc., et al.,* in accordance with the Court's usual rules and procedures for setting cases for trial.

Judge Powell having complied with this Court's order of July 27, 1989, actual issuance of the writ of mandamus is unnecessary.