**William J. EVERS and Anita E. Evers, Plaintiffs–Appellants,**

v.

**OUTAGAMIE COUNTY, et al., Defendants–Appellees.**

No. 01–1591.

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 28, 2001 *.

Decided Nov. 9, 2001.

Before FAIRCHILD, POSNER and RIPPLE, Circuit Judges.

## ORDER

William and Anita Evers owned and operated a chain of brothels in Green Bay and Appeleton, Wisconsin, and eventually were charged with criminal violations and civil racketeering under Wisconsin law. In order to resolve both the criminal and civil cases, Mrs. Evers entered into a plea agreement under which she forfeited her interest in three buildings to Outagamie County, Wisconsin. At sentencing the trial court also ordered Mrs. Evers to forfeit

* This appeal is successive to no. 95–1323 and no. 99–1785, and the same panel has retained it for decision. After examination of the briefs and record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. Fed. R.App. P. 34(a)(2).

her interest in a tavern located at 201 N. Broadway in Green Bay.

In 1994, Mr. and Mrs. Evers filed in the district court a four-count complaint under 42 U.S.C. § 1983 alleging that Outagamie County and several county officials and private actors had deprived them of the forfeited realty along with personal property in the tavern building. After extended litigation that has included two appeals to this court, three of the four claims were dismissed for lack of jurisdiction under the *Rooker–Feldman* doctrine. *See Evers v. Outagamie County*, No. 95–1323 (7th Cir. January 9, 1996); *Evers v. Outagamie County*, No. 99–1785 (7th Cir. December 10, 1999). We determined, however, that the district court prematurely dismissed the remaining claim and therefore remanded that claim for further proceedings.

The sole surviving claim in Mr. and Mrs. Evers' complaint is that, when the forfeited tavern building was sold, personal property belonging to them in the building was improperly "sold" along with the structure. At the time of the forfeiture, Mrs. Evers, who owned the building, was leasing it to Dennis Van Camp, who then bought the building (and apparently its contents) from the County. Mr. and Mrs. Evers, who both claim an ownership interest in the personal property released to Van Camp, allege that it was "never subject to any court ordered forfeiture or plea agreement," and that they were deprived of this property without due process. (Complaint, Claim No. 3.) The County answered that it did not sell any of the items Mr. and Mrs. Evers claimed were sold illegally.

After remand the defendants filed a motion for summary judgment in which they argued that 1) Mr. Evers' claim was barred by *res judicata*, 2) Mrs. Evers could not establish that her personal property had been wrongfully sold, and 3) Mrs. Evers' claim was precluded by the *Parratt–Hudson* doctrine because the Wisconsin state courts afforded her adequate post-deprivation remedies. The district court agreed that Mr. Evers' claim was barred by *res judicata*. The court further concluded that, although genuine issues of fact existed regarding whether the defendants had wrongfully disposed of Mrs. Evers' personal property, summary judgment was nonetheless appropriate. The court reasoned that Mrs. Evers could not prove a procedural due process violation because she could not overcome the defendants' evidence that any "sale" of her personal property had been "random and unauthorized" and that the state courts offered adequate post-deprivation remedies.[1] Accordingly, the district court granted the defendants' motion for summary judgment and dismissed the action. Mr. and Mrs. Evers appeal.

■ Mr. Evers first challenges the district court's conclusion that his personal-

---

1. The district court also held that Mr. and Mrs. Evers failed to state a substantive due process claim. Their complaint, which alleges that they were deprived of property without "due process or compensation" cannot be fairly read to assert a substantive due process claim. We agree with the district court that their attempt to assert this claim for the first time in their response to the defendants' motions for summary judgment is futile. *See Speer v. Rand McNally & Co.*, 123 F.3d 658, 665 (7th Cir.1997) (" 'A plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment.' ") (citation omitted). The district court also rejected Mr. and Mrs. Evers' claim that the defendants' actions violated the Eighth Amendment's prohibition against cruel and unusual punishment. Mr. and Mrs. Evers have raised this issue on appeal in only a perfunctory manner, *see* Appellant's Br. at 14, and accordingly we shall not consider it. *See Spath v. Hayes Wheels International–Indiana, Inc.*, 211 F.3d 392, 397 (7th Cir.2000) (we shall not address undeveloped arguments contained in a party's brief).

property claim was barred by *res judicata*, a ruling we review *de novo*. *See Roboserve, Inc. v. Kato Kagaku Co.*, 121 F.3d 1027, 1034 (7th Cir.1997). Under the "full faith and credit" statute, 28 U.S.C. § 1738, federal courts in a § 1983 action must give state-court judgments the same preclusive effect those judgments would have in the courts of the rendering state. *See Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 998 (7th Cir.2000). Accordingly, we look to the law of Wisconsin to determine whether Mr. Evers' claim is barred.

Under Wisconsin law "the doctrine of claim preclusion, or res judicata, provides that a 'final judgment on the merits bars parties from relitigating any claim that arises out of the same relevant facts, transactions or occurrences.'" *Id.* at 998–99 (footnote omitted) (quoting *Sopha v. Owens–Corning Fiberglas Corp.*, 230 Wis.2d 212, 601 N.W.2d 627, 636 (1999)). Wisconsin courts impose three prerequisites for claim preclusion: "(1) an 'identity between the parties or their privies in the prior and present suits'; (2) the 'prior litigation resulted in a final judgment on the merits by a court with jurisdiction'; and (3) an 'identity of the causes of action in the two suits.'" *Remer*, 205 F.3d at 999 (quoting *Sopha*, 601 N.W.2d at 637).

The evidence established each of these prerequisites. Mr. Evers had filed a state-court lawsuit in 1992 against all the present defendants. In that suit Mr. Evers alleged, *inter alia*, that the defendants had wrongfully sold the personal property located in the tavern at 201 N. Broadway, even though they knew that the property had not been transferred to them by Mrs. Evers. The state trial court found that Mr. Evers lacked standing to challenge the criminal court's forfeiture order because the couple's marital property agreement gave all interest in that property to Mrs. Evers. Although the court did not specifi-

cally address the status of the personal property, the state court granted summary judgment in full to the defendants and dismissed the case on the merits. Mr. Evers unsuccessfully appealed that decision to the Wisconsin appellate court. Accordingly, the district court correctly determined that Mr. Evers' claim was barred by *res judicata*.

■ Mrs. Evers also contests the district court's grant of summary judgment to the defendants on her procedural due process claim based on the *Parratt–Hudson* doctrine. We review this decision *de novo*, viewing all facts and drawing all reasonable references in favor of the non-moving party. *See Berry v. Delta Airlines, Inc.*, 260 F.3d 803, 808 (7th Cir.2001). "Summary judgment is proper when the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.*

To maintain a procedural due process claim, a plaintiff must have been deprived of a constitutionally protected life, liberty, or property interest; if she was, courts must then determine what process was due. *See Porter v. DiBlasio*, 93 F.3d 301, 305 (7th Cir.1996). We conclude that it is unnecessary to address the defendants' objection to the district court's conclusion that a genuine issue of material fact existed regarding whether they wrongfully disposed of Mrs. Evers' personal property because the second part of our analysis is dispositive here. *See Strasburger v. Bd. of Ed., Hardin Cty. Comm. Unit Sch. Dist. No. 1*, 143 F.3d 351, 358 (7th Cir.1998).

The law presumes that an individual is entitled to notice and an opportunity for a hearing before the state permanently deprives her of her property. *Porter*, 93 F.3d at 305. In certain instances, however, a pre-deprivation hearing is unnecessary; a post-deprivation hearing or the

availability of a state tort remedy may satisfy the due process requirement. *Id.* at 305–06. One such instance arises when a person is deprived of property because of the "random and unauthorized" actions of state actors for which adequate state post-deprivation remedies are available. *Parratt v. Taylor*, 451 U.S. 527, 541–42, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *see also Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (extending the rule of *Parratt* to intentional deprivations of property when adequate state post-deprivation remedies are available).

In determining whether alleged conduct was "random and unauthorized," we look to whether the conduct was predictable. *Hamlin v. Vaudenberg*, 95 F.3d 580, 584 (7th Cir.1996). Predictability is determined both by the amount of discretion exercised by an official as well as the extent to which that discretion is uncircumscribed. *Easter House v. Felder*, 910 F.2d 1387, 1400 (7th Cir.1990).

Mrs. Evers did not show that any of the defendants possessed any discretion, let alone uncircumscribed discretion, with respect to selling her property. She did not identify any County policy regarding the sale of property by the County, nor did she offer evidence that any County policy gave the defendants the discretion to sell property which the County did not own. Because Mrs. Evers offered no evidence that the deprivation occurred "as a result of some state procedure," *Parratt*, 451 U.S. at 543, 101 S.Ct. 1908, she cannot demonstrate a violation of the Due Process Clause of the Fourteenth Amendment.

Furthermore, this is a case where the defendants were at most negligent in releasing Mrs. Evers' property. Robert Stadel, who was responsible for coordinating the sales of Mrs. Evers' property, consulted with both the state-court judge who presided over Mrs. Evers' criminal case and Robert Hamilton, the County's corporation counsel, before selling the 201 N. Broadway property. It is undisputed that both the judge and Hamilton informed Stadel that the County had taken possession of Mrs. Evers' personal property as part of her plea agreement. Stadel may have acted negligently by relying on the information he received rather than checking the court record to determine if Mrs. Evers had in fact surrendered her personal property, but such negligence cannot give rise to a due process violation. *See Parratt*, 451 U.S. at 541, 101 S.Ct. 1908. Merely labeling the defendants' conduct a "conspiracy," as Mrs. Evers has done, does not save this claim. *See Easter House*, 910 F.2d at 1399 (rejecting the notion that a conspiracy is *per se* non-random conduct).

Finally, Mrs. Evers did not establish that the remedies provided by Wisconsin law were inadequate. Mrs. Evers had numerous remedies available to her, including actions for replevin, *see First Nat'l Bank of Glendale v. Sheriff of Milwaukee Cty.*, 34 Wis.2d 535, 149 N.W.2d 548, 549 (1967), and conversion, *see T.W.S., Inc. v. Nelson*, 150 Wis.2d 251, 440 N.W.2d 833 (App.1989). Mrs. Evers does not contend otherwise on appeal, but rather argues that under the circumstances she had no "effective or meaningful state court remedy available." Mrs. Evers' argument centers on the fact that she was not allowed join as a party in Mr. Evers' state lawsuit. However, she has not provided any evidence regarding why she could not have filed her own action, nor has she set forth a legitimate reason why any state-law claims would have been fruitless had she pursued them in state court. Because the acts of the defendants were random and

544

unauthorized and Mrs. Evers had adequate state remedies, her claim is barred by the *Parratt–Hudson* doctrine and the district court correctly granted summary judgment to the defendants on Mrs. Evers' claim.

Conclusion

For the foregoing reasons, the judgment of the district court is affirmed.

Affirmed