In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-07-263 CV


 ______________________


 

JOSEPH ARMSTRONG AND DWIGHT HARRISON, Appellants



V.



FIVE POINT FEDERAL CREDIT UNION, Appellee






On Appeal from the County Court at Law No. 1


Jefferson County, Texas


Trial No. 104167






MEMORANDUM OPINION


 Dwight Harrison and Joseph Armstrong appeal a summary judgment granted in favor
of Five Point Federal Credit Union. Finding no reversible error, we affirm the trial court's
judgment. 

 Five Point and Armstrong entered into a loan agreement, secured by a 1998 Chevrolet
truck. Armstrong defaulted on the loan agreement and Five Point sued Armstrong for breach
of contract. Five Point sought to foreclose its security interest in the truck. The credit union
also alleged Armstrong transferred the truck to Harrison, and sued Harrison for conversion
and trespass to chattels for the wrongful exercise of dominion and control over the truck. 
The trial court granted Five Point's motion for summary judgment for breach of contract
against Armstrong and awarded Five Point possession of the truck. 

 Appellants' pro se brief does not contain clear and concise arguments or any citations
to authorities and to the record. See Tex. R. App. P. 38.1(h). The "brief" is a one page letter
titled "Defendants Motion for Appeal of Judgement[.]" 

 In issue one, appellants state that the trial court erred in issuing a writ of sequestration
on the truck because the writ violated Harrison's right of first possession. When a trial court
enters a judgment awarding title and possession of the sequestered property to the plaintiff
in the underlying suit, generally the defendant is barred from asserting wrongful
sequestration. See Darr Equip. Co. v. Holland Page, Inc., 355 S.W.2d 595, 597 (Tex. Civ.
App.--Austin 1962, writ dism'd). Issue one is overruled.

 In issue two, appellants assert that the trial court erred in granting summary judgment
based on appellants' failure to respond in a timely manner to the motion. Appellants claim
that they responded to the motion, but they do not direct this Court to any references in the
record; we find no pleading in the record that responds to, or offers evidence regarding, the
grounds pled in Five Point's motion for summary judgment. 

 When the movant establishes there is no genuine issue of material fact and it is
entitled to judgment as a matter of law, the burden shifts to the nonmovant to raise a material
fact issue sufficient to defeat summary judgment. Tex. R. Civ. P. 166a(c); Phan Son Van,
Pena, 990 S.W.2d 751, 753 (Tex. 1999). Five Point presented an affidavit stating that
Armstrong executed and delivered to Five Point a loan contract and Armstrong granted Five
Point a security interest in the truck. Five Point attached an "Itemization of Disbursement"
showing that it advanced the funds to a third party on Armstrong's behalf. The affidavit
states that Armstrong defaulted on the contract by failing to pay the debt. Five Point
perfected its security interest in the truck by having its lien noted on the certificate of title. 
See Tex. Transp. Code Ann. § 501.111(a) (Vernon 2007). Five Point established that it was
entitled to judgment as a matter of law on the breach of contract claim and was entitled to
possession of the truck. Armstrong filed a "Notice of Intent" in which he stated he owed
Harrison money. Appellants did not file a response to the motion for summary judgment
raising a material fact issue sufficient to defeat summary judgment. Issue two is overruled.

 In issue three, appellants assert the trial court erred in denying their request for
reconsideration. In the motion, appellants argued that they responded to the motion for
summary judgment. They requested that the trial court submit the case for a jury trial and
order depositions. The trial court properly found that Five Point was entitled to judgment on
its claims as a matter of law. The court did not abuse its discretion in denying the motion for
reconsideration. Issue three is overruled. 

 In the fourth issue, appellants complain that Harrison was not a party to any
documents or contracts with Five Point. Five Point obtained judgment against Harrison for
the possession of the truck. Issue four is overruled.

 The trial court's judgment is affirmed.

 AFFIRMED.

 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on October 17, 2007

Opinion Delivered March 20, 2008


Before McKeithen, C.J., Gaultney and Horton, JJ.