EMANUEL BLOCH v. WILLIAM W. FRICK, as Sheriff of Indian River County, Florida.

12 So. (2nd) 604                                    January Term, 1943
March 19, 1943                                           Division A
Rehearing Denied April 6, 1943

*Carlton & Ellis,* for petitioner.

*J. W. Hunter, H. C. Collins* and *Sumner & Sumner,* for respondent.

ADAMS, J.:

On petition for writ of certiorari under Rule 28 it is made to appear that petitioner instituted an action of replevin against respondent as sheriff. The circuit judge dismissed the action and determined that the action would not lie because its purpose was to replevy property in custody of the law. It appears from the record, that respondent held the property by virtue of an execution issued to satisfy a judgment in a case wherein petitioner was a stranger.

The circuit judge based his action upon the case of Adams v. Burns, 126 Fla. 685, 172 So. 75. The parties have appeared before us for oral argument and each side has relied on this case. As we interpret the court's opinion on petition for rehearing, the law is settled that a stranger to an execution may either replevy the property or file a claim for same. This remedy is expressly provided by statute in case the property is levied upon by attachment. Section 76.20, Florida Statutes, 1941. The Legislature contemplated that the action would lie when property was held under other process except in certain enumerated instances. Section 78.06, Florida Statutes, 1941.

It would therfore appear that the lower court was in error in determining that the action of replevin would not lie.

For the reason stated, writ of certiorari is issued and the

order of the lower court dismissing the action is quashed. See Kilgore v. Bird, 149 Fla. 570, 6 So. (2nd) 541.

So ordered.

BUFORD, C. J., TERRELL and CHAPMAN, JJ., concur.