## Harrison Music Co. v. Drake

**638**

*Jon L. Friedman*, for plaintiff.

*S. M. Rosenzweig*, for defendant.

FIOK, J., August 1, 1967.—This matter comes before the court on application of Bernard Ress Company, claimant, to discharge a levy made by the Sheriff of Allegheny County without necessity to file bond as provided by Rule 3207 of the Pennsylvania Rules of Civil Procedure.

Plaintiff, Harrison Music Company, a corporation, doing business as Harrison Music and Vending Company, issued execution against defendant, Larry Drake, individually and trading as Drake's Barbecue, and made an attachment of all goods on the premises based upon a judgment entered in the amount of $220.16 and costs. The sheriff made an attachment of all goods on the premises and made evaluation of the principal items of personal property attached. Claimant filed a property claim with the sheriff seeking to stay the sale on the equipment listed therein. In this property claim, claimant stated that it was the owner of the goods listed by warrant of a bailment lease security agreement dated April 12, 1966, and duly recorded* and that the sum of $1,988.44 was still due. It listed the property covered as a drain for sink, a Jenn air exhauster, a canopy with lights, a two-foot sandwich unit, a reach-in refrigerator, 11 counter stools, a stand for barbecue machine, a fryer, a food warmer, a copper front on canopy and a glass protector, all of the value of $2,415.

---

* The security transaction was a chattel mortgage and not a bailment lease.

Claimant did not state in the property claim that defendant was in default under the security agreement, and the claim was rejected by the sheriff under date of March 11, 1967. Claimant then filed objections to the denial of the property claim and indicated therein that the security agreement was in default. This paper, together with claimant's motion to discharge the levy, was filed on March 17, 1967.

At the time of argument, no proof was offered by the secured claimant that defendant was ever notified of a default. The ledger sheet showing the account disclosed that a total of $743.56 was paid on the account from May 13, 1966, (the date first payment was due, in the amount of $46.50 per month, plus interest) to and including January 13, 1967. Neither is there any proof that claimant took any steps, prior to filing of the objections to the disallowance of the property claim it had a right to take, under section 9-503 of the Uniform Commercial Code, of April 6, 1953, P. L. 3, 12A PS §9-503. However, after argument, claimant filed an affidavit with the court stating that the account was at all times delinquent by reason of the fact that the first payment, although due May 13, 1966, was, in fact, paid on June 22, 1966.

It may well be argued that default was waived by claimant upon accepting the delinquent payment without notifying defendant of the right to insist upon payments being made on time in the future. Nevertheless, we shall not dwell on this, in view of the evidence that no payment was made on this account since January 1967, and for the further reason that this may be a defense to the debtor, but not a defense to an execution creditor-plaintiff.

Under section 9-311, it is provided that:

"The debtor's rights in collateral may be voluntarily or involuntarily transferred (by way of sale, creation of a security interest, attachment, levy, garnishment

or other judicial process) notwithstanding a provision in the security agreement prohibiting any transfer or making the transfer constitute a default".

This section, however, must be construed in the light of section 9-503, which provides:

"(1) Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace or may proceed by action. If the security agreement so provides the secured party may require the debtor to assemble the collateral and make it available to the secured party at a place to be designated by the secured party which is reasonably convenient to both parties. Without removal a secured party may render equipment unusable, and may dispose of collateral on the debtor's premises under Section 9-504".

Since, under a broad or liberal interpretation, a default has occurred, the claimant has certain rights under section 9-503. In State v. Weber, 76 N.M. 636, 417 P. 2d 444 (1966), the court, in construing this section, said:

". . . A secured party may recover possession of a chattel by replevin from a judicial officer who has properly taken possession thereof under execution . . . (citing cases). Possession could undoubtedly be properly obtained by the secured party from the custody of the law by other means than replevin, such as abandonment or release of the levy".

In William Iselin & Co. v. Burgess & Leigh Ltd., 276 N. Y. S. 2d 659 (N. Y. Supreme Ct., 1967), the court held that where a secured party is entitled to immediate possession on default under section 9-503, the execution levy by the sheriff made pursuant to judgment of a creditor obtained prior to default was vacated. The court said:

"After the default, the Debtor lost its right of possession and sale and retained only a contingent right in the surplus, if any, after sale . . . a levy cannot relieve the conditional vendee of his obligation under the contract to pay the installments as they come due, nor can the levy void the conditional vendor's statutory right to repossession when there is a default in payment . . ."

In the interest of uniformity, therefore, we hold that the claimant here has a right to the goods levied upon by the sheriff and covered under the security agreement. But this does not dispose of the entire matter. Claimant seeks to discharge the entire levy without the necessity of filing a bond as required under Rule 3207 of the Pennsylvania Rules of Civil Procedure.

The sheriff has levied on other property on the premises which are not covered under the security agreement. A counter, grille, cash register, coffee-maker, and "other personal property on the premises" have been listed. The listed items have been valued in the sum of $335, which is in excess of plaintiff's claim. These items of personal property are clearly free of the claimant's security and may be sold by the sheriff. The claimant, therefore, has no right to demand the discharge of the entire levy. Its interest is limited to the items of personal property specifically enumerated in its security agreement. The levy as to the items not covered under the security agreement will proceed to sale according to law. A suitable order will be entered.

### ORDER OF COURT

And now, August 1, 1967, upon consideration of the motion to discharge the levy at the above number and term, it is ordered and directed that the attachment of goods covered by the security agreement of Bernard

Ress Company, claimant, be and the same is hereby discharged. These items are as follows:

| | |
|---|---|
| 1 Drain for Sink | 1 Stand for Barbecue |
| 1 Jenn Air Exhauster | Machine |
| 1 Canopy with Lights | 1 Fryer |
| 1 2′-0″ Sandwich Unit | 1 Food Warmer |
| 1 Reach-in Refrigerator | 1 Copper Front on Canopy |
| 11 Counter Stools | 1 Glass Protector |

It is further ordered and directed that the sheriff proceed with the sale as to all other items of property attached, and any objections thereto by claimant be and the same are hereby dismissed.