PER CURIAM.
We reverse the preliminary injunction under review[1] because the non-competition agreement purportedly enforced below does not extend to preclude any competitive activities undertaken, as in this case, by the appellants after the termination of their employment with the appellee.[2]

. This holding has no effect upon any claims by the appellee for damages arising out of an alleged breach of the agreement or of any fiduciary relationship between the parties.

. The controlling provision of the contract is paragraph 7(a), which states that the corporate appellant, Manmex, "... will not directly or indirectly engage in any form or branch of the manganese business, except as representative for American Minerals during the term of this agreement." [e.s.]
The appellee argues that paragraph 7(c) applies to the individual appellant, Kusner. That provision states that Manmex "... will include in all contracts of employment with any salesman restrictive covenants as permitted by law prohibiting such salesman from engaging in any business in competition with American Minerals during his employment, and for a reasonable period after the termination of his employment." [e.s.] This contention is incorrect. It is obvious that Manmex and Kusner, who is specifically described as "the President and sole shareholder of Manmex" and who executed the agreement both individually and as Manmex’s representative, are entirely inseparable as parties to the contract and that Kusner thus may not be considered a "salesman" of Manmex under paragraph 7(c).