460 So.2d 464 (1984)
George A. BRESCHER, As Sheriff of Broward County, Appellant,
v.
ASSOCIATES FINANCIAL SERVICES COMPANY, INC., Appellee.
No. 83-673.
District Court of Appeal of Florida, Fourth District.
December 5, 1984.
*465 Richard S. Bernstein of Fred J. Berman, P.A., Fort Lauderdale, for appellant.
Bertram A. Sapurstein of Ingraham & Sapurstein, P.A., Miami, for appellee.
HURLEY, Judge.
This appeal presents the question whether a secured party, upon default by a debtor, may recover possession of a chattel by replevin from a sheriff who has taken possession thereof under execution. We answer in the affirmative.
George and Dorothy Guzzo borrowed $5,940.00 from Associates Financial Services Company of Florida, Inc. to purchase a 1979 Lincoln automobile. They promised to repay the loan in thirty monthly installments of $198.00 and granted a security interest in the automobile in favor of Associates. Thereafter, the appropriate steps were taken to perfect the security interest.
During the thirty-month repayment period, a third party obtained a judgment against George Guzzo. This judgment creditor caused an execution to issue which authorized the Sheriff of Broward County to levy upon the Guzzos' automobile. Accordingly, the Sheriff took possession of the vehicle. Before the execution sale could be held, however, Associates (the secured lienholder) filed a complaint for replevin. It alleged that the Guzzos had defaulted under the note, that they owed $3,760.80, that the provisions of section 78.02, Florida Statutes (1983), did not exempt the automobile from replevin, and that Associates was entitled to immediate possession. The trial court entered summary final judgment in favor of Associates and this appeal ensued.
The sheriff argues that because he was holding the Guzzos' property pursuant to a valid execution, it was impossible for Associates, the secured party, to prove "wrongful detention" which is a necessary predicate for replevin under section 78.01, Florida Statutes (1983). This argument, however, overlooks the Supreme Court's decision in Bloch v. Frick, 152 Fla. 554, 12 So.2d 604 (Fla. 1943), which involved a near identical statute. There, the court permitted a creditor to replevy goods from a sheriff, ruling that "a stranger to an execution may either replevy the property or file a claim for the same." Bloch, of course, was decided prior to Florida's adoption of the Uniform Commercial Code in 1967 and, thus, we must determine whether it has been superseded.
Section 679.311, Florida Statutes (1983), expressly indicates that a creditor may attach goods even though they are subject to a security interest. That section states:
The debtor's rights in collateral may be voluntarily or involuntarily transferred (by way of sale, creation of a security interest, attachment, levy, garnishment or other judicial process) notwithstanding a provision in the security agreement prohibiting any transfer or making the transfer constitute a default.
*466 In turn, section 679.306(2), Florida Statutes (1983), protects the secured party by providing that:
Except where this chapter otherwise provides, a security interest continues in collateral notwithstanding sale, exchange, or other disposition thereof unless the disposition was authorized by the secured party in the security agreement or otherwise, and also continues in any identifiable proceeds including collections received by the debtor.
It is important to recall that prior to the adoption of the U.C.C., some states prohibited creditors from proceeding by attachment or other judicial process against a debtor's interest in personal property covered by a conditional sale contract or other security device. Section 9-311 was intended to change this rule. The comment to section 9-311 notes that its purpose is "[t]o make clear that in all security transactions under this Article, the debtor has an interest ... which he can dispose of and which his creditors can reach... . [I]n all security interests the debtor's interest in the collateral remains subject to claims of creditors who take appropriate action." See Platte Valley Bank of North Bend v. Kracl, 185 Neb. 168, 174 N.W.2d 724 (1970).
The court relied upon section 679.311 in Altec Lansing v. Friedman Sound, Inc., 204 So.2d 740 (Fla. 3d DCA 1967), and held that a secured creditor could not dissolve a writ of execution and take possession of the collateral merely because of the pendency of a judicial sale. The court stated:
A security agreement under § 679.9-203, Fla. Stat., F.S.A., has the same effect as did a chattel mortgage prior to the adoption of the Uniform Commercial Code, i.e., it may create a prior lien in favor of the person named in the agreement as creditor on the chattels involved but does not exempt them from a forced judicial sale. Said chattel may still be sold by an execution creditor subject to the lien provided in the security agreement.
Id. at 741. See also First National Bank v. Sheriff of Milwaukee County, 34 Wis.2d 535, 149 N.W.2d 548 (1967). Note, however, that Altec Lansing did not involve an allegation of default on the part of the debtor. In our view, that is the crucial distinction in the case at bar.
The rights of a secured party upon default are set forth in section 679.503, Florida Statutes (1983), which provides in pertinent part:
Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace or may proceed by action.
The statutory term "action" was defined in Midland-Guardian Co. v. Hagin, 370 So.2d 25 (Fla. 2d DCA 1979), to include replevin. Although Midland-Guardian did not involve replevin against a sheriff, other cases have permitted replevin against a sheriff or other officer. See, e.g., City of Miami Beach v. Millpin, Inc., 389 So.2d 283 (Fla. 3d DCA 1980); Mechanicks National Bank v. Parker, 109 N.H. 87, 242 A.2d 69 (1968); State v. Weber, 76 N.M. 636, 417 P.2d 444 (1966); Ford Motor Co. v. City of New York, 14 UCC Rep.Serv. 211 (Sup.Ct. 1974); William Iselin & Co. v. Burgess & Leigh, Ltd., 52 Misc.2d 821, 276 N.Y.S.2d 659, 3 UCC Rep.Serv. 1168 (Sup. Ct. 1967); Harrison Music Co. v. Drake, 43 Pa. D. & C.2d 637, 5 UCC Rep.Serv. 417 (C.P. 1967); White & Summers, Uniform Commercial Code § 26-7, at 1104 (2d ed. 1980). But see First National Bank & Trust Co. v. Berry, 44 Fla. Supp. 159 (Fla. Palm Beach Cty.Ct. 1976).
One commentator has suggested that the practical effect of permitting a secured party, upon default by the debtor, to replevy goods from the sheriff is to insulate the debtor's equity in the collateral from all creditors other than the secured party. See Justice, Secured Parties and Judgment Creditors  The Courts and Section 9-311 of the Uniform Commercial Code, 30 Bus.Law. 433 (1975). This may be true, *467 but if so, it is an acceptable consequence of a considered legislative decision. Given the importance of security interests in a credit economy, the legislature enacted section 679.503, Florida Statutes (1983), to provide secured parties, upon default, with the most effective remedy available: the right to take possession of the collateral. The statute contains no time constraints. Rather, it suggests the greatest availability by listing two all-encompassing methods, self-help and judicial process. See generally Northside Motors of Florida, Inc. v. Brinkley, 282 So.2d 617 (Fla. 1973). Replevin, of course, is the classic legal mode for gaining possession of goods. See Honstein Trucking Co. v. Sandhills Beef, Inc., 209 Neb. 422, 308 N.W.2d 331 (1981); Midland-Guardian Co. v. Hagin, supra. Thus, it becomes significant that section 78.02, Florida Statutes (1983), which exempts certain property from replevin, does not preclude a secured party, who is a stranger to the pending execution sale, from seeking replevin against a sheriff.
Accordingly, we conclude that Florida's adoption of the U.C.C. has not altered the availability of replevin; indeed, it has enhanced it. As between the general provision of section 679.311, Florida Statutes (1983), and the more specific provision of section 679.503, Florida Statutes (1983), we hold that section 679.503 is entitled to precedence. "[T]he general rule is that specific statutes on a subject take precedence over another statute covering the same subject in general terms." Littman v. Commercial Bank & Trust Co., 425 So.2d 636, 639 (Fla. 3d DCA 1983). Since section 679.503, Florida Statutes (1983), expressly confers the right to take possession, we hold that a secured party, upon default by a debtor, may recover possession of a chattel by replevin from a sheriff who has taken possession thereof under execution. Consequently, the judgment on appeal is
AFFIRMED.
DOWNEY and DELL, JJ., concur.