469 So.2d 246 (1985)
John W. SEAMAN, Jr., Appellant,
v.
CLEARWATER OAKS BANK, a Florida Banking Corporation, Lonnie C. Harrell and Gradall Services, Inc., Appellees.
No. 84-1885.
District Court of Appeal of Florida, Second District.
May 29, 1985.
Charles Edwin Ray of Law Offices of Bailey M. Welden, St. Petersburg, for appellant.
Franklyn J. Wollett, Seminole, and Steven R. Greenberg of William L. Lyman, P.A., Clearwater, for appellee Clearwater Oaks Bank.
SCHOONOVER, Judge.
The appellant, John W. Seaman, Jr., appeals from a summary judgment entered in favor of the appellee, Clearwater Oaks Bank, a Florida banking corporation. We reverse.
On January 21, 1980, the appellant acquired 2600 shares of stock in Gradall Services, Inc., a Florida corporation, and Kenneth W. Hart obtained the corporation's remaining authorized 2400 shares. Two days later, Hart obtained a loan in the amount of $23,800 from the appellee bank, pledging as security his 2400 shares of stock. The stock, represented by stock certificate No. 3, was surrendered to the bank. Hart then sold to the appellant, subject to *247 the bank's security interest, all of his right, title, and interest in the 2400 shares, which amounted to 48% of the stock issued.
In October of 1982, the appellant assigned and quit-claimed all of his right, title, and interest in the entire 5000 shares to Lonnie C. Harrell. The agreement by which the stock was assigned stated that the appellant was the owner of record of 2600 shares and the assignee of 2400 shares. It further stated that the 2400 assigned shares had been pledged to the bank as collateral for Hart's loan and that the loan had been secured prior to Hart's assignment of the shares to the appellant.
When Hart defaulted on his loan with the appellee bank and filed for bankruptcy, the bank, instead of foreclosing on the stock certificate, filed suit against the appellant, Harrell, and Gradall Services, Inc. The bank alleged that its collateral was converted when the appellant transferred Hart's equity in the stock to Harrell without first satisfying Hart's debt to the bank. The bank alleged it was therefore entitled to 48% of the sums paid to the appellant in conjunction with the transfer of Hart's interest in stock certificate No. 3. The complaint sought foreclosure of the bank's security interest in the proceeds of the sale to Harrell pursuant to section 679.306(2), Florida Statutes (1981).
Harrell filed a motion for judgment on the pleadings, and the court entered a judgment in favor of Harrell. The appellee bank then filed a motion for summary judgment against the appellant. In opposition to the bank's motion, the appellant filed an affidavit stating he had never held, registered, or sold the collateral, i.e., the stock certificate, and that the collateral was in the possession of the bank. He also stated that he had never received any proceeds from the sale of the collateral. The trial court entered a summary judgment against the appellant for the sum of $15,000 plus interest, attorney fees, and costs. This appeal timely followed.
The appellant contends that he never purchased the collateral from Hart, the original debtor, that he never attempted to sell or dispose of the collateral, and that the funds he received from Harrell were, accordingly, not the proceeds of collateral contemplated by section 679.306, Florida Statutes (1981).
Sections 679.306(1) and (2) provide that a creditor's security interest in collateral continues notwithstanding the sale, exchange, or other disposition of the collateral, unless the secured party authorizes the disposition in the security agreement or elsewhere. The creditor's security interest also continues in any identifiable proceeds, including collections, received by the debtor. "Proceeds" includes whatever is received upon the sale, exchange, collection, or other disposition of collateral or proceeds.
An action for conversion is a proper remedy for a secured party to bring against a third party when its collateral has been disposed of by the debtor. § 679.501(1), Fla. Stat. (1981); Taylor Rental Corp. v. J.I. Case Co., 749 F.2d 1526 (11th Cir.1985). In bringing suit for conversion, however, the appellee bank had the burden to prove that the proceeds arising from the sale of its collateral by the appellant arose directly from the sale or disposition of collateral and not from any other source. C.O. Funk & Son, Inc. v. Sullivan Equip. Inc., 92 Ill. App.3d 659, 48 Ill. Dec. 24, 415 N.E.2d 1308 (1981), aff'd, 89 Ill.2d 27, 59 Ill.Dec. 85, 431 N.E.2d 370 (1982).
The parties agree that the bank still has possession of the stock certificate that Hart surrendered to it at the time of his loan and that the bank has a perfected security interest. The bank was and is pledgee of the stock, having the certificate which represents the stock in its possession. The bank has a special property right in the stock as pledgee, but the general property right, subject to the pledge, remained in Hart. Brightwell v. First National Bank, 109 F.2d 271 (5th Cir.1940).
When Hart, and later the appellant, disposed of this general property right subject to a pledge, i.e., the bank's security interest, the sale in no way interfered with *248 the bank's special property right. Hart, and then the appellant, sold only a general property right that was subject to the bank's special property right. Brightwell. They sold only the interest that remained in the stock over and above the bank's security interest. Therefore, the consideration received by the appellant from the sale of his general property right in 48% of the stock was not "proceeds" from the sale of collateral, but was consideration received from a different source. C.O. Funk. The trial court therefore erred in entering a summary judgment in the appellee's suit for conversion.
We, accordingly, reverse and remand for proceedings consistent herewith.
OTT, A.C.J., and CAMPBELL, J., concur.