PATTERSON, Judge.
J.N. Laliotis Engineering Construction, Inc. seeks relief from a final judgment, entered following a nonjury trial, which awarded the Masters $16,302.60 in damages and canceled a note and mortgage given by them to Laliotis. We reverse.
The series of events leading to this litigation began when the Masters obtained a loan for the construction of a bowling alley and some strip stores. They contracted with Laliotis for the construction; Laliotis, as general contractor, subcontracted with David Nelson Construction Company for the actual work. Construction began, and Laliotis made its first draw request against the loan on August 2, 1985.
The lender refused the draw request, requiring the Masters to provide an additional $75,000 in security before it would fund the loan. Laliotis agreed to lend the additional security to the Masters and to forgive the loan in whole or part depending upon how much it earned from the project. The parties signed an “Agreement to Forgive Indebtedness” which provided:
1.Laliotis would lend the required $75,-000 to the Masters;
2. the loan would be secured by a note and a second mortgage upon land owned by the Masters in Marion County; and
3. Laliotis would forgive the obligation in whole or in part based on the amount it ultimately earned under the construction contract.
The agreement set forth a graduated scale under which Laliotis was to forgive increasing amounts of the indebtedness based on its earnings between $140,000 and $170,000. If Laliotis earned less than $140,000 from the project, then none of the indebtedness would be forgiven; if more than $170,000, the entire indebtedness would be forgiven.
This controversy turns on the definition of the term “earns” in the agreement. Lal-iotis received $134,321.52 as a contractor’s fee and $11,520 for supervision. Additionally, it received $25,000 from David Nelson Construction as reimbursement for fees and permits. However, it applied this $25,-000 to disbursements totalling $29,155.70, which consisted of $15,237.99 in expenses reimbursed to the Masters; architect fees of $6,400; “cost of the work” expenses of $4,140.75; and additional expenses of $3,376.96.
The Masters contended, and the trial court found, that this $25,000 should be included in Laliotis’s earnings. Because adding the $25,000 to Laliotis’s contractor’s fee and supervision fee yields a total exceeding $170,000, the trial court deemed the note and mortgage satisfied. We disagree.
Words used in an agreement should be given “a natural meaning or the meaning most commonly understood in relation to the subject matter and circumstances.” Granados Quinones v. Swiss Bank Corp., 509 So.2d 273, 275 (Fla.1987); Sheldon v. Tiernan, 147 So.2d 167 (Fla. 2d DCA 1962). “One looks to the dictionary for the plain and ordinary meaning of words.” Specialty Restaurants Corp. v. City of Miami, 501 So.2d 101, 102 (Fla. 3d DCA 1987); City of Miami Beach v. Royal Castle System, Inc., 126 So.2d 595 (Fla. 3d DCA 1961). The agreement here is not ambiguous. See Reliance Insurance Co. v. Brick *69 enkamp, 147 So.2d 200 (Fla. 2d DCA 1962). Webster’s Third New International Dictionary of the English Language 714 (1986) defines “earn” as “to receive as equitable return for work done or services rendered.” The contractor’s fee and the amount received for supervision by appellant fall within this definition. The $25,000 reimbursement from Nelson clearly does not.
We, therefore, determine appellant’s earnings to be the total of the contractor’s fee and the amount received for supervision: $145,751.52. Thus, the lower court’s satisfaction of the note and mortgage is reversed and set aside and the parties may proceed accordingly.
On February 10, 1988, the Masters tendered to Laliotis a cashier’s check for $3,668.60, representing what appellees deemed to be due as interest on the note and mortgage up to the date upon which they contended that Laliotis’s earnings exceeded $170,000. The final judgment directs Laliotis to return this check to the Masters but is silent as to the reason. We reverse this directive and leave to the proper forum the determination of amounts due under the note and mortgage.
The final judgment further makes an award of damages in favor of appellees in the amount of $16,302.60. This apparently represents amounts the Masters paid on the first mortgage on the Marion County property after a sale of that property was thwarted by appellant’s refusal to satisfy the second mortgage. Because the refusal to satisfy was justified, we reverse and vacate the award.
In that the trial court reserved jurisdiction for the award of costs and attorneys fees and it is unclear whether the appellant’s counterclaim has been fully adjudicated, we reverse and remand for further proceedings consistent with this opinion.
SCHOONOVER, A.C.J., and FRANK, J., concur.