Stephen A. Melnick Legal Advisor Boca Raton Police Department
QUESTION:
Does s. 316.193(9), F.S., as created by s. 18, Ch. 91-255, Laws of Florida, apply to juveniles who are taken into custody for driving under the influence?
SUMMARY:
Section 316.193(9), F.S., as created by s. 18, Ch. 91-255, Laws of Florida, does not apply to juveniles taken into custody for driving under the influence, in light of the specific provisions in s. 316.635, F.S., applicable to juveniles charged with criminal traffic violations. The six hour limitation on temporary custody of juveniles in an adult facility prescribed in s. 39.038(4), F.S. (1990 Supp.), may be given effect without altering the requirements in s. 316.635, F.S.
During the 1991 session, the Legislature created general guidelines for the release of individuals who are arrested for driving under the influence (DUI). Section 316.193, F.S., as amended by s. 18, Ch. 91-255, Laws of Florida, states:
 (9) A person who is arrested for a violation of this section may not be released from custody: (a) Until he is no longer under the influence of alcoholic beverages, any chemical substance set forth in s. 877.111, or any substance controlled under chapter 893 and affected to the extent that his normal faculties are impaired; (b) Until his blood alcohol level is less than 0.05 percent; or (c) Until 8 hours have elapsed from the time he was arrested. (e.s.)
Delaying the release of an individual who has been arrested for DUI for eight hours is one alternative in releasing such an individual from custody.[1] "Custody" is not defined for purposes of this act. Given its plain and ordinary meaning, however, custody refers to "[t]he care and control of a thing or person. . . . [or] the detainer of a man's person by virtue of lawful process or authority."[2]
In AGO 86-37, this office concluded that the county court, as the court having original jurisdiction over traffic violations, is authorized to exercise jurisdiction over juveniles charged with driving under the influence, unless the offense is punishable by law as a felony.[3] As recognized in the opinion, s.316.635(1), F.S., provides:
A court which has jurisdiction over traffic violations shall have original jurisdiction in the case of any minor who is alleged to have committed a violation of law or of a county or municipal ordinance pertaining to the operation of a motor vehicle; however, any traffic offense that is punishable by law as a felony shall be under the jurisdiction of the circuit court.
In the event a juvenile is taken into custody for a criminal traffic offense and the juvenile does not demand to be taken before a magistrate, the arresting officer or booking officer is required immediately to notify the juvenile's parents, guardian, or responsible adult relative of the action taken.[4]
After making every reasonable effort to give notice, the officer may:
(a) Issue a notice to appear pursuant to chapter 901 and release the minor to a parent, guardian, responsible adult relative, or other responsible adult; (b) Issue a notice to appear pursuant to chapter 901 and release a minor pursuant to s. 903.06; (c) Issue a notice to appear pursuant to chapter 901 and deliver the minor to an appropriate substance abuse treatment or rehabilitation facility or refer the minor to an appropriate medical facility as provided in s. 901.29. If the minor cannot be delivered to an appropriate substance abuse treatment or rehabilitation facility or medical facility, the arresting officer may deliver the minor to an appropriate intake office of the Department of Health and Rehabilitative Services, which shall take custody of the minor and make any appropriate referrals; or (d) If the violation constitutes a felony and the minor cannot be released pursuant to s. 903.03, transport and deliver the minor to an appropriate Department of Health and Rehabilitative Services intake office. Upon delivery of the minor to the intake office, the department shall assume custody and proceed pursuant to chapter 39.
If action is not taken pursuant to paragraphs (a)-(d), the minor shall be delivered to the Department of Health and Rehabilitative Services, and the department shall make every reasonable effort to contact the parents, guardian, or responsible adult relative to take custody of the minor. If there is no parent, guardian, or responsible adult relative available, the department may retain custody of the minor for up to 24 hours.[5]
Thus, the Legislature has provided that courts with jurisdiction over traffic violations have jurisdiction in the case of a minor alleged to have committed a violation of law pertaining to the operation of a motor vehicle.[6] Accordingly, a minor who is charged with driving under the influence[7] would be under the jurisdiction of the county court, unless the offense is punishable as a felony, in which case the proceeding would be transferred to the circuit court.[8]
Section 316.635, F.S., contains specific and clear provisions for the handling of a minor taken into custody for a criminal traffic offense which would control over general provisions in Ch. 316, F.S.[9] I have not found any evidence in the legislative history of Ch. 91-255, Laws of Florida, that the specific provisions for the custodial treatment of juveniles charged with DUI contained in s. 316.635, F.S., would be altered or affected by passage of the legislation. Furthermore, this office has been informed that the custodial treatment of minors was not considered during discussion and analysis of the bill.
Section 39.038(5), F.S. (1990 Supp.), states:
Upon taking a child into custody, a law enforcement officer may deliver the child, for temporary custody not to exceed 6hours, to a secure booking area of a jail or other facility intended or used for the detention of adults, for the purpose of fingerprinting or photographing the child or awaiting appropriate transport to the department of as provided in subsection (4), provided no regular sight and sound contact between the child and adult inmates or trustees is permitted and the receiving facility has adequate staff to supervise and monitor the child's activities at all times. (e.s.)
Thus, there is a six hour limitation on the temporary custody of children at a jail or facility intended for the detention of adults. You state that the limitation on temporary custody in an adult facility is in compliance with the federal Juvenile Justice and Delinquency Prevention Act of 1974.[10] The restriction appears to serve the purpose of preventing contact between juveniles and adults at an adult detention facility. There is no indication, however, that the six hour limitation operates to require the release of juveniles who are in custody after six hours have expired.
When juveniles are taken into custody, it is intended that they be maintained separately from adults.[11] Section 39.038(5), F.S. (1990 Supp.), secures this separation in the event a juvenile is taken to an adult detention facility. This limitation on the custody of a juvenile in an adult detention facility may by given effect without infringing on the specific requirements regarding custody of juveniles in s. 316.635, F.S., inasmuch as the custodial options contained therein do not require, nor contemplate, that the juvenile be held in custody at such a facility.[12]
Accordingly, it is my opinion that s. 316.635, F.S., containing specific provisions for the custody of a juvenile taken in for a criminal traffic violation such as driving under the influence, controls over the general provisions in s. 316.193, F.S.[13]
Furthermore, s. 39.038(5), F.S. (1990 Supp.), may be given effect without conflicting with the custodial options contained in s.316.635, F.S.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, Sparkman v. McClure, 498 So.2d 892 (Fla. 1986) (use of "or" in statute or rule is generally construed as disjunctive and normally indicates that alternatives were intended).
[2] Black's Law Dictionary 347 (5th ed. 1979).
[3] Section 316.193(2), F.S., as amended by s. 18, Ch. 91-255, Laws of Florida, prescribes the penalties for driving under the influence. Subsection 316.193(2)(b), F.S., as amended, provides that any person who is convicted of a fourth or subsequent violation of driving under the influence is guilty of a felony of the third degree; s. 316.193(3)(c)2., F.S., as amended, makes it a felony of the third degree to cause serious bodily harm as a result of DUI; and s. 316.193(3)(c)3., F.S., as amended, makes it a felony of the second degree to cause the death of any human being as a result of DUI.
[4] See, s. 316.635(3), F.S.
[5] Section 316.635(3)(a)-(d), F.S.
[6] See, State v. G. D. M., 394 So.2d 1017, 1018 (Fla. 1981) (Legislature has absolute discretion to determine whether an individual charged with a particular crime is entitled to the benefit of the juvenile justice system).
[7] See, s. 316.655(4), F.S., making violation of s.316.193, F.S., driving under the influence, a criminal offense.
[8] See, s. 316.193(3)(c)2. 3., F.S., as amended by ss. 1 and 18, Ch. 91-255, Laws of Florida, providing that any person who by operation of a motor vehicle while under the influence causes serious bodily injury to another is guilty of a felony of the third degree or causes death of any human being is guilty of DUI manslaughter, a felony of the second degree.
[9] See, Brescher v. Associates Financial Services Company, Inc., 460 So.2d 464 (4 D.C.A. Fla., 1984) (specific statutes on a subject take precedence over another statute covering the same subject in general terms), review denied,504 So.2d 767 (Fla. 1987) (effectiveness of prior, more specific act is retained unless subsequent general act is intended as overall restatement of law on the same subject).
[10] 42 U.S.C. § 5601, et seq.
[11] See, s. 316.635(2), F.S. (minor arrested for commission of a criminal traffic offense who must be transported shall not be placed in any police car or other vehicle which at the same time contains an adult under arrest, except upon special order of the circuit court) and s. 316.655(4), F.S. (minor convicted for criminal traffic offense, except failing to stop and remain at accident involving death or injury and any person, shall not be imprisoned in an adult detention facility).
[12] See, Carawan v. State, 515 So.2d 161 (Fla. 1987) (court is obligated to adopt an interpretation which harmonizes statutory provisions while giving effect to both).
[13] As amended by s. 18, Ch. 91-255, Laws of Florida.