PARKER, Judge.
Eva and Frank Mastor and Countryside Bowling Center, Inc. (Countryside Bowling), appellants, seek review of a final summary judgment entered in favor of David Nelson Construction Company (Nelson Construction), J.N. Laliotis Engineering Construction, Inc. (Laliotis, Inc.), and J.N. Laliotis. We reverse, finding that there are material facts in dispute in regards to the claim against Nelson and that res judi-cata does not bar the claim against Laliotis, Inc. and Laliotis.
This case is a consolidation of two cases involving alleged faulty construction of a bowling alley. The Mastors and Countryside Bowling, the owners of the project, sued Nelson Construction, Laliotis, and Lal-iotis, Inc., for breach of contract, negligence, and breach of warranty.[1]
The Mastors initially entered into a contract with Laliotis and Laliotis, Inc. to construct this facility. Laliotis and Laliotis, Inc. thereafter entered into a subcontract with Nelson Construction which actually acted as the general contractor and project supervisor and performed substantially all of the work with the exception of the finish work. After the issuance of the certificate of occupancy in 1986, a dispute arose between Nelson Construction and Laliotis as to funds remaining in retainage and who was responsible for completing the unfinished work. In September 1986 Frank Ma-stor entered into a written agreement with Laliotis and Nelson Construction in an attempt to resolve the issues involving the retainage and unfinished work. Although the parties dispute whether this agreement was to resolve and settle all of the disputes between the parties, it is uncontroverted that some of the corrections contained within the agreement were never completed.
In January 1988 Mr. Mastor met with David Nelson in an attempt to resolve the issue of disbursing the $30,000 held in escrow. It was agreed at that meeting that $30,000 would be released to Nelson Construction and that Nelson Construction would satisfy its lien against the property. Nelson Construction agreed to allow Ma-stor to keep the remaining $10,000 which was due to Nelson Construction on the contract price. In 1989 Mr. Mastor hired a licensed engineer/general contractor to inspect the building. This person discovered numerous deviations from the plans and specifications. It is upon those deviations that the Mastors and Countryside Bowling have filed this action.
Nelson Construction filed a motion for summary judgment based upon the argument that the Mastors accepted the building and that the January 1988 agreement constituted a final accord and satisfaction. Laliotis and Laliotis, Inc. also filed a motion for summary judgment premised on the theory of res judicata, contending that a previous suit between the Mastors and Laliotis barred the Mastors’ claims. In granting the motions for summary judgment in favor of Nelson Construction, Lal-iotis, and Laliotis, Inc., the trial court set forth no reasons in its order.
Nelson Construction contends that the Mastors are barred from bringing this suit because they accepted the building and were aware or should have been aware of the defects. We recognize that an owner’s acceptance of work with knowledge *557 that it had not been completed in accordance with the contract would waive a claim for defective performance. See School Bd. of Pinellas County v. St. Paul Fire & Marine Ins. Co., 449 So.2d 872 (Fla. 2d DCA), review denied, 458 So.2d 274 (Fla.1984). We cannot conclude from this record that the Masters and Countryside Bowling accepted this project. A complete reading of Mr. Master’s deposition and his affidavit creates a material issue of fact as to whether he ever accepted this building. Further, even if it were undisputed that Master did accept the building, there is still a question of fact whether Master was aware of the defects or could have been aware of the defects upon a reasonable inspection. It is true, as Nelson Construction asserted, that the defects could be observed by visual inspection. The standard, however, is not whether a particular condition is obvious but whether the defective nature of the condition is obvious with the exercise of reasonable care. Kala Investments, Inc. v. Sklar, 538 So.2d 909 (Fla. 3d DCA), review denied, 551 So.2d 461 (Fla.1989). Master asserted in his deposition and affidavit that he was unfamiliar with reading plans and specifications and that he eventually hired a licensed engineer and general contractor to inspect the building. It was after that inspection that he realized an additional thirty instances of defects or failure to follow the plans and specifications. Based on this record, it was improper for the trial court to enter summary judgment under the theory that Master accepted the building, knowing of its defects.
Nelson Construction also argues that there was a final accord and satisfaction. It is undisputed that the 1986 written agreement did not constitute an accord and satisfaction because all of the items listed were not corrected. Nelson Construction, however, contends that the January 1988 agreement and the disbursement of the funds constituted a final accord and satisfaction. That agreement was not in writing, and Mr. Master in his affidavit and Master’s attorney in his deposition dispute that all of the matters were resolved by that agreement. Because the January 1988 agreement was not in writing for this court to review, there cannot be a legal interpretation of that agreement. Summary judgment, therefore, was improper as to Nelson Construction.
In determining whether the final summary judgment for Laliotis and Laliot-is, Inc. was proper, we have reviewed this court’s opinion in J.N. Laliotis Engineering Construction v. Mastor, 558 So.2d 67 (Fla. 2d DCA 1990). That case dealt exclusively with interpreting a contract between the parties as to the amount of a loan to be repaid by the Masters to Laliotis based upon Laliotis’s earnings on the project. We find nothing in that opinion which would bar the Masters and Countryside Bowling under a theory of res judicata from pursuing this case. Thus, it was error for the trial court to enter summary judgment in favor of Laliotis and Laliotis, Inc.
We reverse and remand this case for proceedings consistent with this opinion.
RYDER, A.C.J., and ALTENBERND, J., concur.

. The Mastors owned the property upon which the bowling alley was built, and on April 24, 1990, conveyed their interest in the property to Countryside Bowling. Frank Mastor owns 100% of the shares of the corporation.